USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MILTON GARBUTT,

                      Petitioner,

     -against-

JAMES T. CONWAY,

                      Respondent.
-----------------------------------------------------------------x

05 Civ. 9898 (SHS)

MEMORANDUM
OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Petitioner Milton Garbutt began this action in November 2005, seeking habeas relief pursuant to 28 U.S.C. § 2254. The Court referred the petition to Magistrate Judge James C. Francis, IV, who, on September 11, 2006, issued a report summarizing the factual and procedural history of the case and recommending the habeas petition be denied as meritless. By Order dated August 15, 2008, this Court adopted that Report and Recommendation in its entirety and dismissed the petition. Despite this Court's finding that any appeal taken from that dismissal would not be in good faith, petitioner sought a certificate of appealability from the Second Circuit which denied the request and dismissed the appeal.

    Petitioner now returns to this Court seeking relief pursuant to Fed. R. Civ. P. 60(b), arguing the Court made legal and factual errors in dismissing his initial habeas petition, thus entitling him to relief pursuant to Rule 60(b)(1). Cf. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2005) (citations omitted) ("[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion

attacks the integrity of the habeas proceeding and not the underlying criminal conviction.")[1] In particular, petitioner points to an alleged factual error in Magistrate Judge Francis's Report's account of the trial testimony as well as a legal error by Judge Francis in determining that petitioner's sufficiency-of-the-evidence claim did not warrant habeas relief, both of which were subsequently adopted by this Court's Order dismissing Garbutt's petition.[2]

Rule 60(b) motions are "generally not favored" and are "properly granted only upon showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citations omitted). While Rule 60(b)(1) entitles a movant to relief from a final judgment upon showing of "mistake"—including a legal or factual error made by a court, see Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.), 346 F.3d 31, 35 (2d Cir. 2003)—the instant motion fails because Garbutt fails to identify factual or legal errors by the Court that would warrant such relief.

First, petitioner identifies a factual error in Magistrate Judge Francis's statement, in his Report and Recommendation to this Court, that Garbutt "thrust the knife in [the witness's] direction, cutting her jacket." (Report and Recommendation at 3 (citing Trial Transcript ("Tr.") 142.) In fact, the witness testified only that the knife "hit my jacket"

---

[1] For just this reason, the Court cannot and does not entertain any claims of error raised here that do not pertain directly to its prior adjudication of Garbutt's habeas petition, including most notably Garbutt's assertions in his memorandum of law of error made by the New York state appellate court.

[2] Petitioner's notice of motion raises four claims of error by the Court, only the second and third of which are discussed above. The first point alleges Magistrate Judge Francis erred by reading Garbutt's initial petition to raise six claims of error, rather than merely five. The argument is without merit because Garbutt fails to suggest how that "error"—undoubtedly made to give this pro se petition the benefit of a liberal construction and comprehensive reading—prejudiced him or consideration of his petition in any way. The fourth point raised in the instant motion alleges that the Report and Recommendation "is not based upon the record of the trial proceedings." (Pet'rs Notice of Motion at 5.) However, aside from the specific errors discussed above, petitioner does not specify how or why the Report and Recommendation is not based on the trial record, and accordingly, this Court declines to address the general allegation further. Finally, in addition to those four alleged errors, Garbutt's over-sized memorandum of law also raises a series of smaller allegations of legal error by the Court, none of which is significant enough to warrant detailed discussion.

2

and subsequently clarified that the jacket was never actually damaged because "as soon as I felt [the knife], I just jumped back." (Tr. 142, 196-97.) While Magistrate Judge Francis's characterization of the testimony, thus, was indeed factually inaccurate, the inaccuracy was wholly irrelevant to the legal determinations and recommendations his report made. Indeed, that factual issue—i.e., whether the witnesses jacket was merely "hit" or actually cut by Garbutt's knife—had absolutely no bearing on any claim raised by Garbutt in his habeas petition and did not serve as the basis for any action taken by this Court. Accordingly, the factual mistake identified does not amount to the "exceptional circumstances" that warrant relief pursuant to Rule 60(b)(1).

Second, Garbutt points to an alleged legal error made by this Court in adopting the recommendation that petitioner's sufficiency-of-the-evidence claim did not warrant habeas relief. In particular, Garbutt contends, first, that the Court erred in adopting Magistrate Judge Francis's finding that the claim was unpreserved and thus procedurally barred, and, second, that this Court erred by overlooking recent changes to New York state's law of depraved indifference murder as announced in a series of opinions by the New York Court of Appeals, thereby failing to "extend [to Garbutt] the benefits of the state law as it existed before Petitioner's conviction became final." (Pet'rs Notice of Motion at 5.)[3]

---

[3] Petitioner's conviction became final on November 22, 2004, at which time the New York Court of Appeals had already signaled a change in the state's depraved indifference murder law through its decisions in People v. Hafeez, 100 N.Y.2d 253 (2003), People v. Gonzalez, 1 N.Y.3d 464 (2004), and People v. Payne, 3 N.Y.3d 266 (2004). However, the Court of Appeals had not yet decided People v. Feingold, 7 N.Y.3d 288 (2006) in which it explicitly overruled People v Register, 60 N.Y.2d 270 (1983) which had provided the governing interpretation of depraved indifference murder law at the time of Garbutt's trial and conviction. Moreover, the New York Court of Appeals has subsequently affirmed that the changes in the law developed through the line of cases culminating in Feingold did not apply retroactively to convictions that had already become final at the time those changes were announced. See Policano v. Herbert, 7 N.Y.3d 588, 600-01 (2006). Accordingly, even if the Court were to consider petitioner's sufficiency claim,

Neither argument has merit. First, as Magistrate Judge Francis correctly found, petitioner's sufficiency-of-the-evidence claim was not raised at trial, was accordingly deemed not preserved and unreviewable by the state appellate court, and thus was procedurally defaulted and barred from habeas review. Petitioner argues in the instant motion that those findings were erroneous and were based on distortions of the trial record. However, review of the trial record fully supports the finding that petitioner's instant claim—that "[t]he People's proof established, a purposeful act, inconsistent with the Jury's Verdict, for depraved indifference-murder" (Petition at 7A)—was not raised before the trial court. Instead, as Magistrate Judge Francis correctly found, Garbutt raised entirely different sufficiency-of-the-evidence arguments before the trial court, contending there that the evidence was insufficient to support either an intentional murder charge because "the People have failed to show . . . that the conduct of the defendant was intentional," (Tr. 620) or a depraved indifference charge because "if the conduct is not intentional, then it is merely reckless." (Tr. 623.) Since neither of those objections was "specifically directed" at the issues or claims Garbutt now seeks to raise, People v. Gray, 86 N.Y.2d 10, 19 (1995) (citations omitted), there was no error in this Court's adoption of the findings that the claim raised here was unpreserved and thus procedurally barred from habeas review.

Second, precisely because the magistrate judge correctly found petitioner's sufficiency claim to be procedurally barred, there was no error in this Court's determination that the claim should not be considered, even in light of recent developments in New York's depraved indifference murder law. As the magistrate judge

---

it is not clear what benefit, if any, petitioner would derive from the change conclusively announced in Feingold nearly two years after his conviction became final on November 22, 2004.

4

found, petitioner points to no cause for the default sufficient to overcome the bar on habeas review. See Flores v. Rivera, 06 Civ. 13515, 2009 U.S. Dist. LEXIS 34887, at *22 (S.D.N.Y. Apr. 23, 2009) (no cause for failure to challenge depraved indifference charge on grounds "that the evidence at trial was sufficient only to prove that [defendant] killed [the victim] intentionally, as opposed to recklessly" because despite more recent developments in case law such a claim "had a reasonable basis in the law at the time of [petitioner's] conviction" and thus "petitioner was required to preserve any such challenge" at trial"); Cf. Policano v. Herbert, 7 N.Y.3d 588, 600 (2006) ("[I]t has never been permissible in New York for a jury to convict a defendant of depraved indifference murder where the evidence produced at trial indicated that if the defendant committed the homicide at all, he committed it with the conscious objective of killing the victim.").

Moreover, the magistrate judge correctly determined that petitioner had failed to establish that this was the kind of "extraordinary case" in which a "failure to consider" the otherwise barred claim "will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). As the Supreme Court has explained, the fundamental miscarriage of justice exception is "tied . . . to a petitioner's innocence" and exists to protect those who are "entirely innocent." Schlup v. Delo, 513 U.S. 298, 321, 325 (1995) (emphasis added); see also Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) ("Actual innocence means factual innocence, not mere legal insufficiency.") (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). Garbutt makes no claim that he is entirely innocent here. But cf. Fernandez v. Smith, 558 F. Supp. 2d 480, 494 (S.D.N.Y. 2008) (where Feingold was announced before petitioner's depraved indifference conviction became final, barring review of unpreserved insufficiency claim

5

would result in a "fundamental miscarriage of justice" even though petitioner was "surely . . . guilty of manslaughter.").

Accordingly, absent any indication of the "extraordinary circumstances" that compel granting relief pursuant to Rule 60(b), Garbutt's motion is denied.

Dated: New York, New York
August 11, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.